# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br><br>Defendant. | Case No. 4:14-cr-00582-JD-1<br><br>**ORDER RE BAIL PENDING APPEAL**<br><br>Re: Dkt. No. 513 |

In December 2016, a jury convicted Florida and three other defendants of conspiracy to commit bid rigging in violation of the Sherman Act, 15 U.S.C. § 1. Dkt. No. 387. The Court denied Florida's motion for acquittal or a new trial, Dkt. No. 480, and sentenced Florida to a term of 21 months in custody, Dkt. No. 498. Florida filed a notice of appeal in August 2017, Dkt. No. 502, and asks to be released on bail pending appeal, Dkt. No. 513. The request is denied.

Under the Bail Reform Act of 1984, a defendant may be released pending appeal only if he shows by clear and convincing evidence that his appeal raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term less than the total time already served plus the expected duration of the appeals process. 18 U.S.C. § 3143(b)(1). "'[S]ubstantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985) (emphasis in original). A substantial question is "fairly debatable or fairly doubtful. . . . [It is] of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283 (internal quotations and citations removed).

Florida has not met these standards. He presents three reasons why he thinks he should be released pending appeal: (1) the evidence at trial was not enough to show that the bid rigging involved interstate commerce; (2) the prosecutor committed misconduct during closing argument by referring to harm suffered by homeowners; and (3) bid rigging is not a *per se* violation of the Sherman Act. *See generally* Dkt. No. 513.

The first and third contentions are unavailing because they repeat arguments that the Court has already denied for reasons that are not fairly debatable or fairly doubtful. On the interstate commerce point, for example, Florida says that (a) there was insufficient evidence that funds experienced "a practical continuity of movement" out of California state, (b) a transfer from a subsidiary bank to its controlling parent is not a movement in interstate commerce for purposes of the Sherman Act, and (c) the government could not offer testimony on financial institutions' "regular course of business" to establish the auction funds moved interstate. Dkt. No. 513 at 7-9. But as the Court previously determined, the trial record is replete with testimony that some proceeds were directly sent to trustees outside of California, while other proceeds transitorily passed through institutions in California before being sent out of state. Dkt. No. 429 at 6. On point (b), Florida offers no legal authority or analysis in support of his position, and also fails to overcome testimony at trial establishing that the California Reconveyance Company operated like a "separate company" from J.P. Morgan and "had to compete for [its] business just like an outside trustee." Dkt. No. 392 at 227. On point (c), Florida cites *United States v. Moody*, 903 F.2d 321, 332-34 (5th Cir. 1990). But that decision works against Florida, since it finds that circumstantial evidence can suffice to convict a defendant for a crime requiring the use of interstate wire communications. *Id.* at 332-33.

The third argument on the *per se* issue is even less compelling because the Court has considered and rejected it on multiple occasions based on clear and unmistakable law. *See, e.g.*, Dkt. No. 429 at 5; Dkt. No. 186 at 2; Dkt. No. 283 at 106; Dkt. No. 284 at 21; Dkt. No. 446 at 2. Bid rigging is per se illegal. *United States v. Green*, 592 F.3d 1057, 1068 (9th Cir. 2010). The case that Florida cites, *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1050-54 (9th Cir. 1983), does not disagree: "Horizontal market division, the practice claimed to exist here, is

one of four main categories of competitive restraints this court has held unreasonable *per se*." 705 F.2d at 1050. Florida cites a passing reference in *Northrop* to "recognized circumstances where rule-of-reason analysis remains appropriate," *id.* at 1051, but that does nothing to call into question the subsequent holding in *Green* that bid rigging is a *per se* violation, and Florida does not explain what those "recognized circumstances" might be or how they apply in his case. This all falls far short of presenting a fairly debatable question. *United States v. Montoya*, 908 F.2d 450, 450 (9th Cir. 1990).

Florida's contention that the government violated his right to a fair trial by referring to individual homeowners is also misdirected. Florida says these references were improper for two reasons: there was not trial evidence to that effect, Dkt. No. 517 at 4, and homeowner losses were legally irrelevant under the *per se* instruction and amounted to "potentially emotional dynamite" for the jury. *Id.* at 6-7.

Florida did not raise these objections at trial and concedes that, on appeal, his prosecutorial misconduct claim will be reviewed for plain error. *Id.* at 3. Plain error review results in reversal where "(1) there was error; (2) it was plain; (3) it affected the defendant's substantial rights; and (4) viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190-91 (9th Cir. 2015) (internal quotations and citations omitted).

The government's closing did not deny Florida a fair trial. The government took over ninety minutes for its closing remarks. Dkt. No. 383-1. It made only three cursory references to homeowners during that time. Dkt. No. 517 at 4-5. Even assuming those sparse references were in some way improper, it would go beyond the bounds of reason to find that they unfairly tilted the jury against Florida in light of the strong evidence the government presented, including videotapes and witness testimony, showing Florida's deep involvement in the bid rigging. *United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir. 2013). The jury was also expressly instructed before closing that closing arguments are not evidence. Dkt. No. 397 at 1084-85. No reasonable jurist would take the position that the jury's verdict would have been different had the prosecutors not referred to homeowners at all.

Consequently, the motion for bail pending appeal is denied.

**IT IS SO ORDERED.**

Dated: October 27, 2017

JAMES DONATO
United States District Judge